IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHARLES W. and T.W.,<br><br>         Plaintiffs,<br><br>v.<br><br>UNITED BEHAVIORAL HEALTH and the WELLS FARGO & COMPANY HEALTH PLAN,<br><br>         Defendants. | **MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTION FOR LEAVE TO FILE ANSWER <u>NUNC PRO TUNC</u>**<br><br>Case No. 2:18-cv-000829-TC<br><br>Judge Tena Campbell |

  Before the court is the Defendants' Cross-Motion for Leave to File Answer <u>Nunc Pro Tunc</u>. (ECF No. 68.) The Defendants included this request in their response to the Plaintiffs' Motion to Strike Answer. (ECF No. 61.) For the following reasons, the court finds that such a request is inappropriate and denies the motion.

## BACKGROUND

  The original complaint in this action was filed by Plaintiffs Charles W. and T.W. on October 23, 2018. (ECF No. 2.) Defendants United Behavioral Health (United) and the Wells Fargo & Company Health Plan (Wells Fargo) waived service and filed a motion to dismiss. (Waivers of Service, ECF Nos. 5 & 6; Mot. Dismiss, ECF No. 7.) The court granted that motion in part, denied that motion in part, and stayed the case pending the resolution of a class action in the Northern District of California. (Order & Mem. Decision, Dec. 18, 2019, ECF No. 35.) The case then remained stayed for over five years.

  On April 1, 2025, the court issued an order requesting a status report. (Order, Apr. 1, 2025, ECF No. 41.) Because the Ninth Circuit had reversed the district court's class certification

in the relevant class action, the parties agreed that the stay should be lifted and "a schedule should be set for briefing of the merits of the remaining cause of action in this case …." (Status Report, May 1, 2025, ECF No. 42 at 1.) The parties then set a briefing schedule for dispositive motions. (Id.) The parties later stipulated to three extensions to that briefing schedule. (See Stip. Mots. Extension, ECF Nos. 44, 46, 48.)

The parties filed their motions for summary judgment on October 3, 2025. (Pls.' Mot. Summ. J., ECF No. 55; Defs.' Mot. Summ. J., ECF No. 52.) But the court denied those motions without prejudice because the parties filed two separate administrative records. (Order, Oct. 7, 2025, ECF No. 57.) The court ordered the parties to "meet and confer to determine if they can agree on the correct record on which the court should rely." (Id. at 2.) The court then set a deadline for motions to complete the record or, alternatively, for renewed motions for summary judgment. (Id.) Because the court granted two extensions, those motions are now due on December 15, 2025. (Order, Nov. 5, 2025, ECF No. 64.)

While the court has been focused on the administrative record and dispositive motions, the parties have raised a separate issue. The last sentence of the Plaintiffs' motion for summary judgment reads as follows: "[B]ecause Defendants have failed to file a responsive pleading to the Complaint in this case, the Court may enter a default judgment against the Defendants." (ECF No. 55 at 38.) Responding to that sentence, the Defendants filed an answer on October 10, 2025. (ECF No. 60.)

The Plaintiffs then moved to strike that answer, arguing that there was no excusable neglect that justified the late filing. (ECF No. 61 at 4.) In their response to the motion, the Defendants included their cross-motion for leave to file an answer nunc pro tunc that is now before the court. (ECF No. 68.)

2

## ANALYSIS

Federal courts may issue nunc pro tunc orders, or "now for then" orders, to "'reflect the reality' of what has already occurred[.]" Roman Cath. Archdiocese of San Juan v. Acevedo Feliciano, 589 U.S. 57, 65 (2020) (quoting Missouri v. Jenkins, 495, U.S. 33, 49 (1990)). The court may use a nunc pro tunc order to correct a clerical mistake. See Fed. R. Civ. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."). But as the Supreme Court has noted, such orders are not appropriate to change the facts that actually occurred: "Put colorfully, 'nunc pro tunc orders are not some Orwellian vehicle for revisionist history—creating 'fact' that never occurred in fact." Acevedo, 589 U.S. at 65 (quoting United States v. Gillespie, 666 F. Supp. 1337, 1339 (N.D. Ill. 1987)). In other words, the court "cannot make the record what it is not." Id. (quoting Jenkins, 495 U.S. at 49).

Here, the Defendants filed their answer late, and the court will not change this reality by designating their answer nunc pro tunc to have been filed at some earlier time. The court will, however, consider the question that is raised by the Plaintiffs' motion to strike—namely, whether there was excusable neglect under Rule 6(d) of the Federal Rules of Civil Procedure that justifies the Defendants' late filing.

The court finds it likely that there was excusable neglect. This case had been stayed for over five years, and even the court was unaware that no answer had yet been filed. The Defendants responded promptly when they realized their omission and have otherwise defended the lawsuit by filing a motion to dismiss and a motion for summary judgment.

The Plaintiffs assert that they have been prejudiced because the Defendants raised several affirmative defenses in their answer only after both parties attempted to file motions for

summary judgment. But these affirmative defenses do not appear to be appreciably different from the arguments raised in the Defendants' motion for summary judgment. And although the court agrees with the Plaintiffs that the Defendants filed their answer 144 days late, it is also true that the Plaintiffs failed to move for entry of default or for default judgment under Rule 55 of the Federal Rules of Civil Procedure during that time—preferring instead to highlight the issue only when the parties filed their motions for summary judgment. The Plaintiffs can hardly complain of prejudice when they themselves failed to raise the Defendants' omission with the court in a timely manner.

Nevertheless, the court will reserve ruling on the Plaintiffs' motion to strike until the Plaintiffs have a chance to file their reply in support of that motion. To avoid further delays, the Plaintiffs must file their reply within seven days of the date of this order. While the court is not willing to enter default judgment against the Defendants given these facts, the court will consider whether a lesser sanction, such as striking any affirmative defenses that were not adequately raised in the Defendants' previously filed motion to dismiss and motion for summary judgment, would be appropriate.

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1. The Defendants' Cross Motion for Leave to File Answer <u>Nunc Pro Tunc</u> (ECF No. 68) is DENIED.

2. The Plaintiffs must file any reply in support of their Motion to Strike (ECF No. 61) within seven days from the date of this order.

DATED this 24th day of November, 2025.

BY THE COURT:

*Tena Campbell*
Tena Campbell
United States District Judge